UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| JERRY HAYNES, Individually and for Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>ARTECH L.L.C.,<br><br>    Defendant. | Case No. 20-cv-9173<br><br><br>Jury Trial Demanded<br><br><br>FLSA Collective Action |

ORIGINAL COLLECTIVE ACTION COMPLAINT

SUMMARY

1. Artech L.L.C. (Artech) failed to pay Jerry Haynes (Haynes), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Artech pays Haynes, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Haynes brings this collective action to recover unpaid overtime and other damages.

JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

6. Artech is headquartered in this District in Morristown, New Jersey.

THE PARTIES

7. Haynes was an hourly employee of Artech.

8. Haynes worked for Artech from approximately June 2019 until February 2020.

9. His consent to be a party plaintiff is attached as Exhibit A.

10. Haynes brings this action on behalf of himself and other similarly situated workers who were paid by Artech's "straight time for overtime" system.

11. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> All hourly employees of Artech during the past 3 years who were paid straight time for overtime (the "Straight Time Workers").

12. Haynes seeks conditional and final certification of the Straight Time Workers in this collective action under 29 U.S.C. § 216(b).

13. Artech is a company doing business throughout the United States. Artech may be served by serving its registered agent: Nancy Pierpont, 4860 Cox Rd., Ste. 200, Richmond, Virginia 23294.

## Coverage Under The FLSA

14. At all relevant times, Artech was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all relevant times, Artech was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, Artech was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

17. At all relevant times, Artech had an annual gross volume of sales made in excess of $1,000,000.

18. At all relevant times, Haynes and the Straight Time Workers (defined above) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

19. Artech provides staffing services for many industries worldwide, including information technology and project management.

20. Haynes worked for Artech from approximately June 2019 until February 2020.

21. Haynes performed work for Artech's customer at the Tennessee Valley Authority Gallatin Fossil Plant in Sumner County, Tennessee.

22. Haynes was a Start-Up Specialist for Artech.

23. As a Start-Up Specialist, Haynes assisted the start-up and commissioning of a dry bottom ash handling system at the Gallatin Fossil Plant.

24. Haynes reported the hours he works to Artech on a regular basis.

25. Haynes was not guaranteed a salary.

26. If Haynes worked fewer than 40 hours in a week, he is only paid for the hours worked.

27. Haynes regularly worked over 40 hours in a week.

28. Although he often worked 50 to 60 hours per workweek, Artech never paid Haynes any overtime but, rather, paid him straight-time-for-overtime.

29. For example, on the workweek beginning on July 13, 2019, Artech paid Mr. Haynes $50 per hour for all hours worked, despite working 50 hours that workweek:

| Description | Rate | Current Hours | Earnings | YTD Hours | YTD Earnings |
|---|---|---|---|---|---|
| Per Diem Non Taxable | 111.750000 | 7.00 | 782.25 | 28.00 | 3,129.00 |
| OverTime | 47.000000 | 10.00 | 470.00 | 29.00 | 1,363.00 |
| Regular Pay | 47.000000 | 40.00 | 1,880.00 | 150.00 | 7,050.00 |
| Holiday | | | 0.00 | 8.00 | 376.00 |
| Miscellaneous Exp | | | 0.00 | | 322.07 |
| **TOTAL:** | | 57.00 | 3,132.25 | 215.00 | 12,240.07 |

30. The hours Haynes and the Straight Time Workers (defined above) work are reflected in Artech's records.

31. Rather than receiving time and half as required by the FLSA, Haynes only received "straight time" pay for overtime hours worked.

32. Artech's "straight time for overtime" payment scheme violates the FLSA.

33. Artech was and is aware of the overtime requirements of the FLSA.

34. Artech nonetheless fails to pay certain employees, such as Haynes, overtime.

35. Artech did not guarantee Haynes and Straight Time Workers a salary.

36. Artech's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

FLSA COLLECTIVE ACTION ALLEGATIONS

37. Artech's illegal "straight time for overtime" policy extends beyond Haynes.

38. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

39. Artech pays dozens of workers using the same unlawful scheme.

40. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

41. The workers impacted by Artech's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### COLLECTIVE CAUSES OF ACTION

42. Haynes incorporates all previous paragraphs and alleges that the illegal pay practices Artech imposed on Haynes were likewise imposed on the Straight Time Workers.

43. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

44. Numerous other individuals, like Haynes, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

45. Based on his experiences and tenure with Artech, Haynes is aware that Artech's illegal practices were imposed on the Straight Time Workers.

46. The Straight Time Workers were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

47. Artech's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Straight Time Workers.

48. The specific job titles or precise job locations of the various Straight Time Workers do not prevent collective treatment.

49. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

50. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

51. Haynes demands a trial by jury

## PRAYER

52. Haynes prays for relief as follows:

    a. An Order designating the Straight Time Workers as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Straight Time Workers with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. For an Order pursuant to Section 16(b) of the FLSA finding Artech liable for unpaid back wages due to Haynes and the Straight Time Workers for liquidated damages equal in amount to their unpaid compensation;

    c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

    d. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: July 21, 2020                                Respectfully submitted,

                                                               / s/  Dana M. Cimera
                                                               Dana M. Cimera

FITAPELLI & SCHAFFER, LLP
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

Michael A. Josephson*
Texas Bar No. 24014780
Andrew W. Dunlap*
Texas Bar No. 24078444
Carl A. Fitz*
Texas Bar No. 24105863
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

AND

Richard J. (Rex) Burch*
Texas Bar No. 24001807
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

*Admission pro hac vice forthcoming

ATTORNEYS FOR PLAINTIFF