# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# NEWARK DIVISION

| | |
|---|---|
| JERRY HAYNES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARTECH L.L.C.,<br><br>Defendant. | Case No. 2:20-cv-09173-CCC-MF |

## PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT

### I. INTRODUCTION

Plaintiff Jerry Haynes and Opt-in Plaintiff Moore (together, "Plaintiffs") and Defendant Artech, L.L.C. ("Defendant") have reached a proposed settlement for Plaintiffs' individual claims for unpaid overtime wages arising from the Fair Labor Standards Act ("FLSA"). The proposed settlement does not release the claims of any putative collective action members beyond Haynes and Moore. Both Haynes and Moore have independently approved of the settlement terms. The settlement is a reasonable compromise that will adequately compensate the participants for the unpaid overtime hours alleged and will eliminate the need for the Parties to engage in protracted and expensive litigation. Plaintiffs respectfully request that the Court approve the settlement.

## II.     BACKGROUND

Plaintiff Jerry Haynes filed this putative collective action on July 21, 2020. ECF No. 1. He alleges Artech failed to pay him and similarly situated workers overtime at one and one-half times their regular rate of pay when they worked over 40 hours a week, and instead paid them straight time for overtime in violation of the FLSA. *Id.* On October 15, 2020, Glenn Moore filed his notice of consent to opt into this case. ECF No. 8. *See* 29 U.S.C. § 216(b) ("…[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed…"). Haynes and Moore are the only "party plaintiffs" in this matter.

Together, Haynes and Moore sought damages for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees and litigation costs under the FLSA and conditional certification under Section 216(b) of the FLSA. Artech denies any wrongdoing with respect to Plaintiffs or any similarly situated workers and specifically denies that it violated the FLSA with respect to Plaintiffs or any putative class members or any other law with respect to the employment of Haynes or Moore.

The Parties engaged in extensive motion practice. On October 2, 2020, Artech filed a Motion to Dismiss and Compel Arbitration, seeking to compel arbitration on an individualized basis, rather than on a collective or class basis. ECF No. 7. Plaintiffs opposed Artech's Motion to Compel Arbitration on multiple bases, including the arbitration clause's exclusion of "matters" within the New Jersey Labor Commissioner's jurisdiction, and the applicability of the termination clause. ECF No. 9. Artech filed its

Reply, and the issue was ripe. ECF No. 10. Additionally, Plaintiffs subsequently moved for conditional certification of a collective of current and former Artech employees paid straight time for overtime. ECF No. 11. Artech filed a Motion to Stay the litigation pending a ruling on its Motion to Compel Arbitration. ECF No. 14. Plaintiffs opposed Artech's Motion to Stay, ECF No. 17, and Artech filed its Reply, ECF No. 18.

With these motions pending, the Parties engaged in settlement negotiations, and notified the Court of an agreement in principal on February 16, 2021 (the "Settlement"). ECF No. 19. Plaintiffs participating in the Settlement will receive meaningful relief for their claimed overtime hours. Plaintiffs submits this is a fair and reasonable result of a *bona fide* dispute concerning the payment of overtime wages to Artech's workers.

### III.   Settlement Terms

The Parties have reached an overall settlement that requires Artech to pay a total of $40,000.00 to Plaintiffs, inclusive of attorneys' fees and costs. The Settlement resolves the individual claims of Plaintiff Haynes and opt-in Plaintiff Moore.

Plaintiffs each independently approved of their respective settlement amounts: Haynes to receive the gross amount of $10,365.00, and Moore to receive the gross amount of $13,057.80. *See* **Exhibit 1** at ¶ 20 (Dunlap Decl.). For each Plaintiff, the analysis considered: (1) the number of eligible weeks the Plaintiffs worked during the applicable statutory period(s); (2) weekly compensation data; (3) the number of hours actually worked by Plaintiffs per workweek; and (4) the available remedies for Plaintiffs under the FLSA and/or relevant state law remedies. (*Id.*) Therefore, the Parties'

negotiations were informed by Plaintiffs' maximum potential recovery, and the relative risk of not prevailing on particular claims and defenses, as well as the impact of potentially proceeding via arbitration on an individualized basis. (*Id.*).

## IV. Argument & Authority

### A. The FLSA Settlement should be approved by the Court.

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee ... affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). Because of the public interest in FLSA rights, there are only two ways that FLSA claims can be settled or compromised by employees: (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c); or (2) a district court-approved compromise pursuant to 29 U.S.C. § 216(b)." *Adams v. Bayview Asset Mgmt., LLC,* 11 F.Supp.3d 474, 476 (E.D. Pa. Feb. 26, 2014) (citing *Lynn's Food Stores Inc. v. United States Dept. of Labor,* 679 F.2d 1350, 1354 (11th Cir. 1982)). In the latter situation, "a district court may enter a stipulated judgment after determining that the proposed settlement 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Dino v. Pennsylvania,* C.A. 1:08–cv–01493, 2013 WL 4041681, at *3 (M.D. Pa. Aug. 8, 2013) (quoting *Lynn's Food Stores, Inc.,* 679 F.2d at 1354); *Vargas v. Gen. Nutrition Centers, Inc.*, C.A. 2:10-cv-00867, 2015 WL 4155449, at *1 (W.D. Pa. Mar. 20, 2015).

- 4 -

### B. A *Bona Fide* Dispute Existed.

A dispute is "*bona fide*" when it involves "factual issues" rather than "legal issues such as the statute's coverage and applicability," *Lignore v. Hosp. of Univ. of Pa.*, C.A. 2:04-cv-05735, 2007 WL 1300733, at *3 (E.D. Pa. 2007) (quoting *Morris v. Penn Mut. Life Ins. Co.*, 1989 WL 14063, at *4 (E.D. Pa. 1989)), and when its settlement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching," *Brumley v. Camin Cargo Control, Inc.*, C.A. 2:08-cv-01798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food*, 679 F.2d at 1354); *see also Creed v. Benco Dental Supply Co.*, C.A. 3:12-cv-01571, 2013 WL 5276109, at *1 (M.D. Pa. Sept. 17, 2013).

Courts can "approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Diaz v. Scores Holding Co., Inc.*, C.A. 1:07-cv-08718, 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Id.* "In general, settlement is the preferred means of resolving litigation, and there remains a 'strong presumption' in favor of finding a settlement fair. The Court must also keep in mind that a settlement represents a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *Deitz v. Budget Renovations & Roofing, Inc.*, No. 4:12-CV-0718, 2013 WL 2338496, at *4 (M.D. Pa. May 29, 2013).

In the instant case, the Parties contested the claims and defenses asserted. Haynes alleged that Artech's straight time for overtime workers were unlawfully denied overtime pay. Haynes alleged that this violation of the FLSA exposed Artech to substantial liability for back wages, liquidated damages, attorney fees, and costs. 29 U.S.C. § 216 (b). *Id.* Haynes argued that he and the putative class members were not guaranteed a salary and were not paid overtime for hours worked over 40 hours in a week. ECF No. 1. Artech denied that Plaintiffs were entitled to any overtime pay, and also moved to compel arbitration of Plaintiffs' claims on an individualized basis. ECF No. 7. As result of these filings and arguments, and as reflected in the supporting documentation and motions in the instant suit, the current settlement before the Court is the result of a *bona fide* dispute.

### C. The settlement is a fair compromise.

The Third Circuit Court of Appeals has never specifically addressed the standards to be applied in evaluating the fairness of FLSA settlements; however, a number of district courts in the Third Circuit have held that a court must determine that the compromise reached is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Davis v. Essex Cnty.*, 2015 U.S. Dist. LEXIS 161285, at *5 (D.N.J. 2015) (Cecchi, J.); *Bettger v. Crossmark, Inc.*, 2015 U.S. Dist. LEXIS 7213, at *9 (M.D. Pa. 2015); *In re Chickie's & Pete's Wage & Hour Litig.*, 2014 U.S. Dist. LEXIS 30366, at *2 (E.D. Pa. 2014).

The settlement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Both sides have had considerable experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation.

Even if the "best possible recovery" exceeds the Settlement amount, this award could only be attained by continued litigation and after a favorable result from each of the remaining stages of litigation, including possible dispositive motions, trial or arbitration, and a possible appeal. These risks far outweigh the present value of an immediate, and not inconsiderable, cash settlement. Both Parties feel that the Settlement is reasonable in light of these risks and the possible damages recoverable by the Plaintiffs. *See Austin*, 876 F.Supp. at 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 787-88 (3d Cir. 1995); *Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977); *Fisher Brothers v. Phelps Dodge Indus., Inc.*, 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

### D. Award of attorneys' fees and costs.

Pursuant to Rule 54(d)(2), Haynes's counsel seeks an award of attorneys' fees and costs. Ex. 1 at ¶¶ 21, 23. After extensive negotiation, Artech does not oppose Haynes's counsel's application for these payments and costs from the total settlement payment.

The results obtained represent a significant benefit in the face of the many legal and factual risks posed by litigation. Here, the net settlement payments to Plaintiffs amount to a substantial percentage of the Plaintiffs' respective alleged damages under even the more generous three-year statute of limitations. Additionally, the total settlement amount represents a complete recovery of unpaid overtime damages allegedly owed to Plaintiffs on a three-year damage model under Plaintiff's counsel's calculations. For these reasons, the Settlement creates a substantial benefit for Plaintiffs.

#### a. Both Plaintiffs have approved the attorneys' fee award.

Plaintiffs have approved the settlement terms and the attorney fee portion requested. Plaintiffs' approval and the absence of any objection weighs in favor of the fee request. *See Bredbenner v. Liberty Travel, Inc.*, No. CIV.A. 09-1248 MF, 2011 WL 1344745, at *20 (D.N.J. Apr. 8, 2011).

#### b. The skill and efficiency of Plaintiffs' Counsel that enabled them to obtain this result supports the requested fee.

In evaluating the skill and efficiency of the attorneys involved, courts have looked to "the quality of the result achieved, the difficulties faced, the speed and efficiency of

the recovery, the standing, experience and expertise of the counsel, the skill and professionalism with which counsel prosecuted the case and the performance and quality of opposing counsel." *Chemi v. Champion Mortg., C.A.*, 05-cv-1238, 2009 WL 1470429, at *11 (D.N.J. May 26, 2009) (internal quotations omitted).

Here, Plaintiffs' Counsel includes attorneys with significant employment law as well as class and collective action experience. Plaintiffs' Counsel assumed a very real risk in taking on this case. Plaintiffs' Counsel took the case on a contingency basis, and was prepared to invest time, effort, and money over a period of years with absolutely no guarantee of any recovery.

The Settlement provides Plaintiffs with substantial benefits without having to wait for years of drawn out litigation. Accordingly, this factor favors the requested fee.

### c. The complexity and duration of the litigation favor approval.

As discussed above, this case has been pending for almost a year. The Parties have spent significant time in the initial stages on motions practice, conferring on conditional certification, and responding to each Party's arguments and positions. The Parties also engaged in analysis of wage-and-hour records for each Plaintiff. Given this specific motion practice and targeted discovery, this factor weighs in favor of awarding the requested fee. *Keller v. TD Bank, N.A.*, No. CIV.A. 12-5054, 2014 WL 5591033, at *15 (E.D. Pa. Nov. 4, 2014). Moreover, further litigation of this case without a settlement would be lengthy and expensive for both Parties.

### d. There was a significant risk of nonpayment.

Counsel represented Plaintiffs entirely on a contingent basis, with no guarantee of payment, and there were significant hurdles to overcome in achieving the Settlement. Counsel invested time and expenses despite the potential that the Court would find no violation of the FLSA, the potential for an order granting Artech's motion to compel arbitration, and the possibility of appeals. Given these considerations, the risk of non-payment weighs in favor of the requested fee. *See Brumley v. Camin Cargo Control, Inc.*, No. CIV.A. 08-1798 JLL, 2012 WL 1019337, at *11 (D.N.J. Mar. 26, 2012).

### e. Plaintiffs' Counsel devoted substantial time to the case.

Plaintiffs' Counsel consisted of a team of attorneys, paralegals and staff all dedicated to working up and prosecuting the Plaintiffs' claims. This work included investigation and interviews with Plaintiffs, reviewing and analyzing time and payroll data, significant motions practice, and engaging in extensive settlement negotiations. These efforts support the approval of fee requested. *See Brumley*, No. CIV.A. 08-1798 JLL, 2012 WL 1019337, at *11.

### f. The awards in similar cases support the requested fee.

The requested fee is also consistent with awards in similar cases. The Third Circuit has noted that fee awards generally range from 19% to 45% of the settlement fund. *See Brumley.*, No. CIV.A. 08- 1798 JLL, 2012 WL 1019337, at *12 (approving fee of one-third of the common fund and citing *In re Gen. Motors.*, 55 F.3d at 822). Here, Plaintiffs' Counsel's request for 40% of the total settlement payment falls well within

the range of reasonable allocations in the context of awards granted in other, similar cases. *See, e.g., Rouse v. Comcast Corp.*, 2015 WL 1725721, at *12 (E.D. Pa. 2015) (allowing percentage-of-recovery for attorney's fees at roughly 35% for FLSA, PMWA, and WPCL claims). The attorneys' fees request of approximately 40% percent of the Settlement fund also comports with privately negotiated contingent fees negotiated on the open market. *See Bredbenner*, 2011 WL 1344745, at *21. Accordingly, the fees approved in similar cases further support the requested fee here.

### g. Plaintiffs' Counsel's costs should be approved.

In addition to being entitled to reasonable attorneys' fees, the FLSA provides for the reimbursement of costs. *See* 29 U.S.C. § 216(b). Here, Plaintiffs' Counsel has requested the reimbursement of reasonable costs pursuant to the Parties' settlement agreement. Plaintiffs' Counsel's costs will include reasonable out-of-pocket expenditures such as filing fees and Westlaw legal research costs. *See Oh v. AT&T Corp.*, 225 F.R.D. 142, 154 (D.N.J. 2004) (finding expenses such as (1) travel and lodging, (2) local meetings and transportation, (3) depositions, (4) photocopies, (5) messengers and express service, (6) telephone and fax, (7) Lexis/Westlaw legal research, (8) filing, court and witness fees, (9) overtime and temp work, (10) postage, and (11) the cost of hiring a mediator, to be reasonable). All of these expenses were reasonable and necessary for the successful prosecution of this case, and Artech does not object to the request for costs.

## V. Conclusion

For these reasons, Plaintiff respectfully requests the Court grant the Unopposed Motion to Approve FLSA Settlement and dismiss the case with prejudice.

Respectfully submitted,

*/s/ Dana M. Cimera*
Dana M. Cimera
**FITAPELLI & SCHAFFER, LLP**
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
Carl A. Fitz
Texas Bar No. 24105863
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 325-1100
Fax: (713) 325-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

This pleading was served on all counsel of record via the Court's CM/ECF system in compliance with Rule 5 of the Federal Rules of Civil Procedure on May 12, 2021.

*/s/ Dana M. Cimera*
Dana M. Cimera