NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERRY HAYNES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARTECH L.L.C.,<br><br>Defendant. | Case No.: 20-9173<br><br>**MEMORANDUM OPINION AND ORDER** |

CECCHI, District Judge.

This matter comes before the Court upon Plaintiff's Unopposed Motion for Approval of Settlement requesting approval of the settlement reached between Plaintiff Jerry Haynes ("Haynes") and Opt-in Plaintiff Glenn Moore ("Moore") (together, "Plaintiffs") and Defendant Artech, L.L.C. ("Defendant")(the "Settlement"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). It appearing that:

1. Plaintiffs are former employees of Defendant. Haynes worked for Defendant as a Start-Up Specialist in Tennessee from approximately June 2019 until February 2020. Moore worked for Defendant as a HSE manager from approximately September 2018 to October 2019.

2. Plaintiff Jerry Haynes filed a Complaint against Defendant on or about July 7, 2020 (ECF No. 1) and Moore filed his notice of consent to opt into this case on or about October 15, 2020 (ECF No. 8). Defendant filed a Motion to Dismiss and Compel Arbitration on or about October 2, 2020 (ECF No. 7).

3. After engaging in extensive motion practice, the Parties engaged in settlement negotiations, and notified the Court of an agreement in principal on February 16, 2021 (ECF No. 19).

The Parties subsequently entered into a final written settlement agreement on April 16, 2021.

4. Plaintiffs contend that Defendant paid them straight-time-for-overtime for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"). Defendant denies any wrongdoing with respect to Plaintiffs and specifically denies that it violated the FLSA or any other law with respect to the employment of Haynes or Moore.

5. The Court approves the Settlement because the compromise reached (1) resolves a *bona fide* dispute; (2) is fair and reasonable to Plaintiffs and Defendant; and (3) will not frustrate the implementation of the FLSA in the workplace. Further the Court approves the Settlement's provision for payment of attorneys' fees as reasonable. In exchange for a release from Plaintiffs, and in accordance with the payment schedule agreed to by the Parties, Defendant will pay Plaintiff a total of $40,000.00 inclusive of attorneys' fees and costs. Haynes will receive a total of $10,365.00, Moore will receive a total of $13,057.80, and Defendant will pay $16,577.20 in attorneys' fees and case expenses.

6. First, the compromise reached resolves a *bona fide* dispute of Plaintiffs' claims for unpaid overtime. Plaintiffs allege that Defendant failed to pay them time and half as required by the FLSA. In contrast, Defendant denies those allegations and moved this Court to dismiss this action and to compel arbitration of Plaintiffs' claims on an individualized basis. For these reasons, there is a *bona fide* dispute between the Parties.

7. Secondly, the Settlement is fair and reasonable to the Parties. Under the terms of the Settlement, Defendant will pay Plaintiffs a total of $40,000.00 inclusive of attorneys' fees and costs. Plaintiffs accepted the terms of the Settlement as a reasonable compromise for Plaintiffs' claims. All Parties have been represented by counsel in this litigation and negotiations were at arms-length.

8. The Court also approves the Settlement's provision for payment of attorneys' fees in the amount of $16,000.00 and out of pocket expenses in the amount of $577.20. "The percentage of

recovery method has been accepted as an established approach to evaluating the award of attorneys' fees in the Third Circuit." *Brumley v. Camin Cargo Control, Inc.,* Nos. 08-1798, 10-2461 and 09-6218, 2012 WL 1019337, at *9 (D.N.J. Mar. 26, 2012). The awards have ranged from 19% to 45% of the settlement fund. *See In re Chickie's & Pete's Wage & Hour Litig.,* No. 12-6820, 2014 WL 911718, at *4 (E.D. Pa. Mar. 7, 2014); *see also Brumley,* 2012 WL 1019337, at *12 (collecting cases where attorneys' fees around 30% of the settlement funds were found reasonable). The Settlement's provision for payment of $16,000.00 in attorneys' fees represents 40% of the total settlement amount and thus falls within the range of reasonable allocations in the context of awards granted in other similar cases. This case was litigated for almost one year, and included motion practice. Accordingly, the Court finds the award of attorneys' fees is not excessive and therefore approves the Settlement's provision for payment of attorneys' fees.

Accordingly, it is on this 22nd day of July, 2021

**ORDERED** that the Plaintiff's Unopposed Motion For Approval Of Settlement is hereby granted and the Parties' Settlement is hereby approved; it is further

**ORDERED** that the Settlement's provision for payment of attorneys' fees is hereby approved; it is further

**ORDERED** that is action is **DISMISSED WITH PREJUDICE;** and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** the file,

**SO ORDERED.**

                                          **CLAIRE C. CECCHI, U.S.D.J.**